951 F.2d 1267
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Martha S. MURRAY, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 91-3415.
 United States Court of Appeals, Federal Circuit.
 Dec. 17, 1991.
 
 Before RICH, PAULINE NEWMAN and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Martha S. Murray petitions for review of the May 29, 1991 order of the Merit Systems Protection Board (Board), AT07528510572, dismissing her petition for review as untimely filed. We affirm the Board's dismissal but on other grounds.
 
 OPINION
 
 2
 The Department of the Army removed Murray from her position as a guidance counselor in 1985. Murray appealed her removal to the Board's Atlanta regional office raising a claim of handicap discrimination. On August 29, 1985, the presiding official affirmed the removal action. The Board informed Murray that the decision would become final on October 4, 1985 unless a petition for review was filed or the Board reopened on its own motion and that, if it became final, she could petition the Equal Employment Opportunity Commission for review or she could file suit in a district court or, if she waived her discrimination claim, she could seek judicial review in this court.
 
 
 3
 Murray chose to petition the EEOC for review. On January 13, 1987, the EEOC concurred with the Board's final decision finding no handicap discrimination. A statement of rights informed Murray that she had a right to file suit in a district court. She thereafter filed suit in the United States District Court for the Eastern District of North Carolina.* The United States Court of Appeals for the Fourth Circuit affirmed the district court's dismissal of Murray's complaint and the Supreme Court denied her petition for a writ of certiorari.
 
 
 4
 On August 9, 1990, the Board in Washington, D.C., received a document that it treated as a petition for review of the August 29, 1985 initial decision and directed Murray to show why there was good cause for filing it late. Not finding good cause, on May 29, 1991, the Board dismissed Murray's petition for review because it was filed over four years late.
 
 
 5
 The initial decision became the final decision of the Board on October 4, 1985 when Murray did not petition the Board for review and the Board did not reopen the case on its own motion. Murray then chose one of her review options, that is, she petitioned the EEOC for review. At that point, Murray had no further right to petition the Board for review whether or not she could show cause for "untimeliness." The decision was a final one at the Board and Murray pursued her case in another agency. The EEOC then issued a decision concurring in the decision of the Board. 5 U.S.C. § 7702(b) 5(A). Any further right of review was in a district court. 5 U.S.C. § 7703(b)(2). Accordingly, we affirm the Board's decision dismissing Murray's petition on the ground that the Board lacked jurisdiction over the petition.
 
 
 
 *
 Apparently Murray raised an issue of sexual discrimination, not handicap discrimination, in the civil suit